## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| TRAVIS LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| GLU MOBILE INC., NICCOLO DE MASI, | ) |
| NICK EARL, ERIC BALL, ANN MATHER, | ) |
| HANY NADA, BENJAMIN T. SMITH, IV, | ) |
| GREG BRANDEAU, BEN FEDER, GABY | ) |
| TOLEDANO, and DARLA K. ANDERSON, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1. This action stems from a proposed transaction announced on February 8, 2021 (the "Proposed Transaction"), pursuant to which Glu Mobile Inc. ("Glu Mobile" or the "Company") will be acquired by Electronic Arts Inc. ("Parent") and Giants Acquisition Sub, Inc. ("Merger Sub," and together with Parent, "Electronic Arts").

2. On February 8, 2021, Glu Mobile's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Electronic Arts. Pursuant to the terms of the Merger Agreement, Glu Mobile's stockholders will receive $12.50 in cash for each share of Glu Mobile common stock they own.

3. On March 12, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Glu Mobile common stock.

9. Defendant Glu Mobile is a Delaware corporation and maintains its principal executive offices at 875 Howard Street, Suite 100, San Francisco, California 94103. Glu Mobile's common stock is traded on the NASDAQ under the ticker symbol "GLUU."

10. Defendant Niccolo de Masi is Chiarman of the Board of the Company.

11. Defendant Nick Earl is Chief Executive Officer, President, and a director of the Company.

12. Defendant Eric Ball is a director of the Company.

13. Defendant Ann Mather is a director of the Company.

14. Defendant Hany Nada is a director of the Company.

15. Defendant Benjamin T. Smith, IV is a director of the Company.

16. Defendant Greg Brandeau is a director of the Company.

17. Defendant Ben Feder is a director of the Company.

18. Defendant Gaby Toledano is a director of the Company.

19. Defendant Darla K. Anderson is a director of the Company.

20. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

21. Glu Mobile is a leading developer and publisher of mobile games.

22. The Company's diverse portfolio features top-grossing and award-winning original and licensed IP titles, including: Covet Fashion, Deer Hunter, Design Home, Diner DASH Adventures, Disney Sorcerer's Arena, Kim Kardashian: Hollywood, and MLB Tap Sports Baseball, which are available worldwide on various platforms including the App Store and Google Play.

23. On February 8, 2021, Glu Mobile's Board caused the Company to enter into the Merger Agreement with Electronic Arts.

24.     Pursuant to the terms of the Merger Agreement, Glu Mobile's stockholders will receive $12.50 in cash for each share of Glu Mobile common stock they own.

25.     According to the press release announcing the Proposed Transaction:

Electronic Arts Inc. (NASDAQ: EA), a global leader in interactive entertainment, and Glu Mobile Inc. (NASDAQ: GLUU), a leading global developer and publisher of mobile games including Design Home, Covet Fashion, and MLB Tap Sports Baseball, have entered into a definitive agreement under which Electronic Arts will acquire Glu Mobile. Under the terms of the agreement, EA will acquire Glu for $2.1 billion in enterprise value. Glu stockholders will receive $12.50 in cash for each share of Glu stock, representing a 36% premium to Glu's closing share price on February 5, 2021. Upon closing, the acquisition will be immediately accretive to Electronic Arts' total net bookings, and is expected to grow underlying profitability beginning in its first year. . . .

Details on the Proposed Transaction

The board of directors of each of Electronic Arts and Glu Mobile have approved the transaction and the Glu board recommends that Glu stockholders approve the transaction and adopt the merger agreement. Under the terms of the agreement, Glu stockholders will receive $12.50 in cash for each share of Glu stock, representing an equity value of $2.4 billion, and a total enterprise value of $2.1 billion including Glu's' net cash of $364 million. The transaction is anticipated to close in the quarter ending June 30, 2021, subject to approval by the Glu stockholders, the receipt of required regulatory approvals and other customary closing conditions. . . .

Advisors

J.P. Morgan Securities LLC is serving as exclusive financial advisor to Electronic Arts and Simpson, Thacher & Bartlett LLP is serving as legal counsel to Electronic Arts. Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC and UBS Securities LLC are serving as financial advisors to Glu. Fenwick & West LLP is serving as legal counsel to Glu.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

26.     Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

27.     As set forth below, the Proxy Statement omits material information.

28. First, the Proxy Statement omits material information regarding the Company's financial projections.

29. The Proxy Statement fails to disclose, for each set of projections: (i) all line items used to calculate bookings and adjusted EBITDA; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

30. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

31. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisors, Goldman Sachs & Co. LLC ("Goldman Sachs") and Morgan Stanley & Co. LLC ("Morgan Stanley").

32. With respect to Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates used in the analysis; (iii) the net cash used in the analysis; and (iv) the fully diluted shares of Glu Mobile common stock.

33. With respect to Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy Statement fails to disclose: (i) the net debt used in the analysis; and (ii) the individual inputs and assumptions underlying the discount rate used in the analysis.

34. With respect to Goldman Sachs' Selected Precedent Transactions Analysis, the Proxy Statement fails to disclose: (i) the closing dates of the transactions; (ii) the total values of

the transactions; (iii) the net cash used in the analysis; and (iv) the fully diluted shares of Glu Mobile common stock.

35. With respect to Goldman Sachs' Premia Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

36. With respect to Morgan Stanley's Public Trading Comparables Analysis, the Proxy Statement fails to disclose: (i) the cash and debt used in the analysis; and (ii) the outstanding shares of Glu Mobile common stock on a fully-diluted basis.

37. With respect to Morgan Stanley's Discounted Equity Value Analysis, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rate used in the analysis; (ii) projected net cash; and (iii) the outstanding shares of Glu Mobile common stock on a fully-diluted basis.

38. With respect to Morgan Stanley's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates used in the analysis; (iii) the Company's cash and debt; and (iv) the outstanding shares of Glu Mobile common stock on a fully-diluted basis.

39. With respect to Morgan Stanley's Precedent Transactions Analysis, the Proxy Statement fails to disclose: (i) the total values of the transactions; and (ii) the announcement and closing dates of the transactions.

40. With respect to Morgan Stanley's Illustrative Precedent Premiums analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

41. With respect to Morgan Stanley's Equity Research Analysts' Future Price Targets analysis, the Proxy Statement fails to disclose: (i) the price targets observed in the analysis; and (ii) the sources thereof.

42. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

43. Third, the Proxy Statement omits material information regarding the Company's additional financial advisor, UBS Securities LLC ("UBS").

44. The Proxy Statement fails to disclose the terms of UBS's engagement, including: (i) the amount of compensation UBS has received or will receive in connection with its engagement; (ii) the amount of UBS's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether UBS has performed past services for any parties to the Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by UBS for providing such services.

45. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Glu Mobile**

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in

light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Glu Mobile is liable as the issuer of these statements.

49. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

50. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

51. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

52. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

53. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants**

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants acted as controlling persons of Glu Mobile within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Glu Mobile and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

59. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and

proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.  Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 15, 2021 **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
Herbert W. Mondros (#3308)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com
Email: hwm@rl-legal.com

*Attorneys for Plaintiff*